UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO: 1:25cv20742

Raymond Durrant,

    Plaintiff,

vs.

NCL (Bahamas) Ltd.,
a Bermuda company,
d/b/a Norwegian Cruise Line

    Defendant.
_____/

### AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, Raymond Durrant, by and through his undersigned counsel, hereby files this lawsuit against Defendant, NCL (Bahamas) Ltd., a Bermuda Company d/b/a Norwegian Cruise Line (hereinafter referred to as "NCL"), and states as follows:

### JURISDICTION, VENUE, & PARTIES

1. This is an action for personal injuries under general maritime law where the subject incident occurred aboard a passenger ship in navigable waters during traditional maritime activity (*i.e.*, a passenger cruise), and jurisdiction over this claim is founded upon 28 U.S.C. §1333(1).

2. Additionally, this Court has diversity jurisdiction pursuant to 28 U.S.C. §1332(a) as this an action where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs, and it is between a citizen of a state and a foreign corporation.

3. At all times material, Plaintiff was and is a U.S. citizen and resident of Florida.

4. At all times material, NCL was and is a foreign corporation organized under the laws of Bermuda with its principal place of business in Miami-Dade County, Florida.

1

5. This action is being filed in this Court due to the Norwegian Cruise Line Guest Ticket Contract, unilaterally drafted by NCL, which includes a forum selection clause requiring that such suits be commenced, filed, and litigated before this Court.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) as NCL maintains its principle place of business in this district and is engaged in and doing business in Miami-Dade County, Florida.

## GENERAL ALLEGATIONS

7. Plaintiff has complied with all conditions precedent to the filing of this lawsuit.

8. NCL is a common carrier engaged in the business of marketing, selling and operating a cruise line out of various ports within the continental United States and the world. NCL derives substantial revenues from cruises originating and terminating in various ports throughout the United States.

9. At all times material hereto, NCL was the operator, owner, owner *pro hac vice* and/or charterer of the vessel *Norwegian Pearl*, a commercial passenger cruise ship.

10. NCL has reasonable duty of care under the circumstances to provide and otherwise maintain its premises in a reasonably safe condition, especially high traffic areas such as the buffet stations.

11. NCL knows that the buffet stations on all of its ships are high traffic areas. For this reason, NCL knows that it is extremely important to ensure that the actions and operations of its staff in these areas are safe and reasonable due to the significant amount of passenger traffic.

12. On or about April 13, 2024, NCL owned, operated, managed, maintained, supervised, chartered, and/or controlled the vessel *Norwegian Pearl*.

13. On or about April 13, 2024, Plaintiff was a fare-paying passenger aboard NCL's vessel, *Norwegian Pearl.*

14. On or about April 13, 2024, during dinner time at approximately 8:15 p.m., Plaintiff was standing near the buffet station in the Garden Café when an unattended metal cart on wheels full of plates rolled towards him and crashed into his back.

15. Immediately after the impact, a female NCL buffet area crewmember who had been using the cart arrived, took control of the unattended cart, and apologized to Plaintiff.

16. The dangerous condition was not apparent, open, or obvious to Plaintiff through the ordinary use of his senses.

17. These types of dangerous conditions are commonly encountered on land and are not clearly linked to nautical adventure.

18. Plaintiff promptly reported the incident to NCL.

19. As a result of the incident, Plaintiff suffered serious and permanent injuries, including to his neck and back, and underwent extensive medical treatment.

## COUNT I – DIRECT NEGLIGENCE CLAIM AGAINST NCL

Plaintiff re-alleges and adopts paragraphs one (1) through nineteen (19) above and further avers:

20. At all times material, and in particular on or about April 13, 2024, NCL owed to its passengers, and in particular to Plaintiff, the duty to exercise reasonable care to maintain and operate its vessel *Norwegian Pearl* in a reasonably safe manner. This included the Garden Café buffet area, including the use of metal carts in the area.

21. At all times material, and in particular on or about April 13, 2024, NCL owed to its passengers, and in particular to Plaintiff, the duty to warn of dangerous conditions it knew or should have known of.

22. Based on NCL's prior experience operating ships with substantially similar buffet areas, NCL knew or should have known that substantially similar unattended moving carts in such high traffic areas created a dangerous condition to passengers.

23. Based on NCL's prior experience operating ships with substantially similar buffet areas, NCL knew or should have known that substantially similar unattended carts can start to move on their own if the ship is lists, heels, or pitches.

24. Based on NCL's prior experience operating ships with substantially similar buffet areas, NCL knew or should have known that substantially similar unattended carts can start to move on their own if a passenger bumps into it.

25. Based on NCL's prior experience operating ships with substantially similar buffet areas, NCL knew or should have known that during busy times of day in such a high traffic area, due care needed to be used with the handling of such carts. NCL knew of should have known that dinner time was a busy time of day in the buffet area.

26. At all times material, NCL breached the duty of reasonable care owed to Plaintiff and was negligent in one or more of the following ways:

   a. Failing to provide safe and appropriate metal carts for use, including carts equipped with a braking mechanism or carts with wheels that restricted free-flowing rolling if the ship moved or if the cart was bumped;

   b. Failing to have safe and appropriate procedures in place for the use and operation of metal carts in the Garden Café buffet area, including limiting the carts use in busy passenger areas during busy times;

   c. Failing to have safe and appropriate procedures in place for warning passengers of unreasonably dangerous metal carts, including warning passengers of the existence of free rolling heavy unattended metal carts in the buffet area;

    d. Failing to safely and appropriately train its staff in the use of metal carts, including training regarding not allowing the cart to roll freely in the buffet area and limiting the use of carts in busy passenger areas during busy times; and

    e. Failing to safely and appropriately supervise its staff in the use of metal carts, including to prevent the staff from allowing the cart to roll freely in the buffet area and using carts in busy passenger areas during busy times.

27. Defendant created and/or knew or should have known of the above-described conditions through the exercise of reasonable care.

28. As a direct and proximate result of the aforementioned negligence of NCL, Plaintiff sustained and will continue to sustain serious and permanent injuries requiring medical treatment, past and future pain and suffering, disability, disfigurement, past and future mental anguish, aggravation of preexisting conditions, inconvenience, scarring, the loss of the capacity for the enjoyment of life, the loss of past wages, the loss of future earning capacity, and has incurred medical expenses in the past and will incur medical expenses in the future.

WHEREFORE, Plaintiff, Raymond Durrant, demands judgment against Defendant, NCL, for damages in excess of the minimal jurisdictional limits of this Court for the injuries described herein, as well as post-judgment interest and costs to the extent allowed by law, and demands trial by jury of all issues so triable.

## COUNT II – VICARIOUS LIABILITY NEGLIGENCE CLAIM AGAINST NCL

Plaintiff re-alleges and adopts paragraphs one (1) through nineteen (19) above and further avers:

29. NCL is vicariously liable for the negligent acts of its employees, agents, servants, and crewmembers (hereinafter referred to as the "Crew") acting within the course and scope of their employment and/or agency.

30. NCL, by and through its Crew, owed Plaintiff a duty to act with reasonable care.

31. At all times material, NCL, by and through its Crew acting within the course and scope of their employment and/or agency, including the female buffet area crewmember, for whom CYO is vicariously liable, breached the duty of reasonable care owed to Plaintiff and was negligent in the following ways:

   a. Pushing the cart and subsequently losing control of it due to a failure to use reasonable care;

   b. Leaving the cart unattended and failing to pay appropriate attention, thereby allowing the cart to roll freely due to the ship listing, heeling, and/or pitching;

   c. Leaving the cart unattended and failing to pay appropriate attention, thereby allowing the cart to roll freely when another passenger bumped into it;

   d. Failing to pay appropriate attention, thereby failing to appreciate that the unattended cart had started to roll freely;

   e. Failing to choose a safe and reasonable path for the cart to travel, and instead operating it and leaving it unattended in a high traffic area during a busy time; and

   f. Failing to warn Plaintiff of the unreasonably dangerous metal cart once the cart began to roll freely.

32. As a direct and proximate result of the aforementioned negligence of NCL's Crew, Plaintiff sustained and will continue to sustain serious and permanent injuries requiring medical treatment, past and future pain and suffering, disability, disfigurement, past and future mental anguish, aggravation of preexisting conditions, inconvenience, scarring, the loss of the capacity for the enjoyment of life, the loss of past wages, the loss of future earning capacity, and has incurred medical expenses in the past and will incur medical expenses in the future.

WHEREFORE, Plaintiff, Raymond Durrant, demands judgment against Defendant, NCL, for damages in excess of the minimal jurisdictional limits of this Court for the injuries described herein, as well as post-judgment interest and costs to the extent allowed by law, and demands trial by jury of all issues so triable.

**Dated this 26th day of March, 2025.**

        Respectfully submitted,

        SCHULER, WEISSER, ZOELLER,
        OVERBECK & BAXTER, P.A.
        Attorneys for Plaintiff(s)
        Barristers Building, Suite 4-D
        1615 Forum Place
        West Palm Beach, FL  33401
        Telephone:  (561) 689-8180
        ehayden@shw-law.com
        rzotti@shw-law.com

By:    /s/ *Eric C. Hayden*
        ERIC C. HAYDEN
        FLA BAR NO.: 100923